UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                          :
605 FIFTH PROPERTY OWNER, LLC,            :
                                          :
                          Plaintiff,      :      23cv136 (DLC)
                                          :
            -v-                           :      MEMORANDUM
                                          :      OPINION AND
ABASIC, S.A.,                             :          ORDER
                                          :
                          Defendant.      :
                                          :
---------------------------------------- X

APPEARANCES:

For plaintiff 605 Fifth Property Owner, LLC:
Jay B. Solomon
Israel Katz
Belkin Burden Goldman, LLP
1 Grand Central Plaza
60 E 42nd Street
Ste 16th Floor
New York, NY 10165

For defendant Abasic, S.A.:
Eric Roman
Arent Fox LLP
1301 Avenue of the Americas
Ste Floor 42
New York, NY 10019

DENISE COTE, District Judge:

     605 Fifth Property Owner, LLC ("Owner") has sued Abasic,

S.A. ("Abasic") to enforce a guarantee on a commercial lease

held by Abasic's subsidiary.  Owner has submitted a motion for

summary judgment on its claims and has requested that its

complaint be deemed amended to allege damages incurred since the

complaint was filed.  For the following reasons, the plaintiff's
motion is granted.

## Background

This action follows two other actions filed in 2021 and
2022 between the same parties regarding the same lease and
guarantee agreements.  The Court assumes familiarity with its
Opinions granting summary judgment to the plaintiff in those
cases, and incorporates its findings and reasoning here.  See
605 Fifth Property Owner, LLC v. Abasic, S.A., No. 22cv4590,
2022 WL 16838334 (S.D.N.Y. Nov. 8, 2022); 605 Fifth Property
Owner, LLC v. Abasic, S.A., No. 21cv811, 2022 WL 683746
(S.D.N.Y. Mar. 8, 2022).  Owner brought this case to enforce an
unconditional guarantee agreement (the "Guarantee") with Abasic,
in which Abasic agreed to guarantee its subsidiary's obligations
under a commercial lease (the "Lease").  Abasic's subsidiary,
NTS W. USA Corp. ("NTS"), had intended to use the leased
property to open a retail outlet.  Unfortunately, its plans
coincided with the COVID-19 pandemic.  NTS was unable to
profitably operate a retail establishment, and after several
months, it declared bankruptcy, having made no rental payments.

During bankruptcy proceedings, NTS rejected the Lease, and
initiated an adversary proceeding seeking to avoid its
obligations under the Lease.  The Bankruptcy Court, however,

ruled against NTS in the adversary proceeding, and its ruling was affirmed by the District Court.  See In re NTS W. USA Corp., No. 20cv6692, 2021 WL 4120676 (S.D.N.Y. Sept. 9, 2021).  That decision was affirmed by the Second Circuit on October 18, 2022. In re NTS W. USA Corp., No. 21-2240, 2022 WL 10224963 (2d Cir. Oct. 18, 2022).

On February 1, 2021, Owner filed a lawsuit (the "First Action") in the Southern District of New York, seeking to enforce the Guarantee.  On March 22, Abasic moved to stay the First Action pending resolution of an appeal of the Bankruptcy Court's judgment in the NTS bankruptcy proceedings.  This motion to stay was granted on June 30.  The First Action was later reassigned to this Court on September 9, 2021.  On that same day, the District Court affirmed the Bankruptcy Court decisions, and thus, on September 10, the stay of the First Action was lifted.

On September 20, 2021, Abasic moved to stay the First Action a second time while the judgment in the NTS bankruptcy proceedings was appealed to the Second Circuit.  This motion was denied in a conference held on September 22.

The parties submitted cross-motions for summary judgment in the First Action.  The plaintiff sought to enforce the Guarantee, while Abasic asserted several defenses, including an

3

argument that the Guarantee was discharged during NTS's
bankruptcy proceedings.  The March 8, 2022 Opinion granted
summary judgment to the plaintiff, finding that the Guarantee
was enforceable, that it had not been discharged during NTS's
bankruptcy, and that Abasic's remaining defenses were
unavailing.  Final judgment was entered in favor of the
plaintiff on April 27.  That judgment is currently on appeal.
605 Fifth Property Owner, LLC v. Abasic, S.A., No. 22-945.

On May 2, Abasic moved to stay judgment in the First Action
pending resolution of the appeal in that action.  This motion
was denied in an Opinion and Order issued on May 5.  605 Fifth
Property Owner, LLC v. Abasic, S.A., No. 21cv811, 2022 WL
1422821 (S.D.N.Y. May 5, 2022).

On June 2, 2022, Owner filed another action (the "Second
Action"), seeking damages that accrued under the Guarantee after
it filed for summary judgment in the Prior Action.  Abasic
asserted the same defenses in its answer to the complaint in the
Second Action as it had in the First Action.  Owner again moved
for summary judgment in the Second Action and sought to amend
the complaint to allege additional damages that accrued since
the complaint was filed.  In opposition, Abasic did not contest
its liability under the Guarantee and instead argued only that
the case should be stayed pending the resolution of its appeal

of the First Action.  On November 8, Owner's motions for summary
judgment and amendment were granted, and Abasic's argument that
a stay was warranted was rejected.  Final judgment in the Second
Action was entered in favor of the plaintiff on December 8.
This judgment is also currently on appeal, 605 Fifth Property
Owner, LLC v. Abasic, S.A., No. 22-3195, and the appeals in the
First Action and the Second Action were consolidated on January
24, 2023.

   The present action was filed on January 6, 2023, seeking
damages that have accrued under the Guarantee since Owner's
summary judgment motion in the Second Action was fully submitted
on September 23, 2022.  Abasic filed its answer on January 30,
asserting the same defenses that it asserted in the First Action
and the Second Action.  The case was reassigned to this Court on
February 16, and an initial pretrial conference was set for
April 14.

   On February 21, Owner moved to expedite summary judgment
briefing and to adjourn the April 14 conference, given the
similarities between this action and the prior two actions.
This motion was granted and, in accordance with the expedited
schedule, Owner filed on March 14 its motion for summary
judgment, including an updated accounting of its damages through
that date.  Abasic opposed the motion on March 31.  As in the

Second Action, instead of disputing its liability under the Guarantee, Abasic argued in its opposition only that the case should be stayed pending resolution of the consolidated appeals in the prior two actions.  Owner submitted its reply on April 11.

## Discussion

Prior opinions in the First and Second Actions set forth the standards for the issues presented in this case.  See 605 Fifth Property Owner, LLC, 2022 WL 16838334; 605 Fifth Property Owner, LLC, 2022 WL 683746.  Those standards are incorporated herein.

I.   Stay

Abasic has not shown that a stay is warranted.  Abasic has not sufficiently explained why this attempt is more meritorious than its previous four rejected attempts to stay the proceedings.  As explained in the Court's November 8, 2022 Opinion, Owner has an interest in proceeding with this action expeditiously so it can recover the remaining funds owed under the Guarantee.  Abasic, by contrast, has an interest in avoiding the costs of filing another appeal and in continuing to delay payments owed under the Guarantee.  Judicial efficiency is best served by resolving the action now, since it presents identical issues to those already litigated in two separate actions before

6

this Court.  Finally, the public has an interest in the certain and efficient enforcement of unconditional guarantee agreements. The balance of these factors weighs against a stay, and, accordingly, Abasic's request for a stay pending resolution of the appeals in the prior two actions is denied.

## II.  Amendment

Owner seeks to amend only to allege damages for rent that has become payable since the complaint was filed.  The previous two actions put Abasic on notice that it continued to be liable for payments under the Guarantee, and Abasic does not argue that the amendment would be prejudicial.  Accordingly, the complaint is deemed amended to allege damages for unpaid rent through the expiration of the Lease on March 31, 2023.

## III. Summary Judgment

For the same reasons as those identified in the November 8, 2022 Opinion, Owner is entitled to summary judgment.  Abasic again does not seek to refute Owner's arguments in the motion for summary judgment and does not identify any issue that was not resolved in the prior two actions or that was not essential to the final judgment in those cases.  Additionally, even if it were necessary to reach the merits, the reasoning in the prior Opinions in the First and Second Actions would compel the same result in this case.  Accordingly, summary judgment is granted

to the plaintiff on its claims for breach of contract and attorney's fees, and on each of Abasic's defenses.

## Conclusion

Owner's February 21 motion to amend its complaint and for summary judgment on its claims and the defendant's defenses is granted.  Defendant is liable to the plaintiff for the outstanding amounts due under the Guarantee, as well as attorney's fees and legal costs.  The plaintiff shall submit a proposed judgment no later than June 9, 2023.

Dated:     New York, New York
           June 6, 2023

                                   _____
                                        DENISE COTE
                                   United States District Judge